[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13921

_____

D. C. Docket No. A070-973-237

ROLAND ADAMS,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review from the
Board of Immigration Appeals

_____

(July 12, 2012)

Before EDMONDSON and ANDERSON, Circuit Judges, and EDENFIELD,[*]
District Judge.

PER CURIAM:

---

[*] Honorable B. Avant Edenfield, United States District Judge for the Southern District of
Georgia, sitting by designation.

This case is an immigration case; Petitioner Roland Adams asks us to review a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's removal order. The removal proceedings are based on Petitioner's criminal conviction. At the time of the pertinent criminal conviction, Petitioner was a naturalized American citizen.[1] Later, Petitioner's citizenship was revoked; Immigration and Customs Enforcement charged Petitioner as a removable alien and began removal proceedings against him.

The BIA erred in construing statutory language -- "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable," 8 U.S.C. section 1227(a)(2)(A)(iii) (emphasis added) -- to apply to Petitioner. This issue of pure statutory construction is for courts to decide. See INS v. Cardoza-Fonseca, 107 S. Ct. 1207, 1221 (1987); cf. United States v. Home Concrete & Supply, LLC, 132 S. Ct. 1836, 1843 (2012) (involving re-enactment of a statute after it had been construed by Supreme Court). And given the statute's wording, the guidance of Costello v. INS, 84 S. Ct. 580 (1964), the rule of lenity, and Congress's long acquiescence in Costello's construction of the words "'[a]ny alien . . . shall . . . be deported who . . . at any time after entry is convicted,'" id. at 581

---

[1] In response to Adams's petition for review, the government argues for the first time that the pertinent criminal conviction became final after Petitioner lost his citizenship. By failing to present this argument to the IJ and to the BIA, the government waived the argument.

2

(emphasis added) (quoting the INA of 1952, ch. 5, § 241(a)(4), 66 Stat. 204 (current version at 8 U.S.C. § 1227(a)(2)(A)(i))), we grant the petition for review and vacate the removal order.  The pertinent statute does not apply to a person who was a naturalized citizen when convicted.  Petitioner may not be deported pursuant to section 1227(a)(2)(A)(iii) for this criminal conviction.

PETITION GRANTED; VACATED and REMANDED.